UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **THE ESTATE OF MALKA ROTH,** by and through its joint representatives ARNOLD ROTH and FRIMET ROTH, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>**AHLAM AREF AHMAD AL-TAMIMI**.,<br><br>*Defendant*. | **Case No. 1:26-cv-02836** |

**ORDER**

Pending before the Court is Plaintiffs' Nunc Pro Tunc Motion for Leave to File Plaintiffs' Addresses Under Seal Instead of in Complaint Introduction.

Under both the federal and local rules, a party's first filing must identify the parties. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1), 11.1. Under the local rules, this first filing must also "have in the caption the name and full residence address of the party." LCvR 5.1(c)(1). If a party does not want its full residence address disclosed on the public docket, it instead must "omit the address and simultaneously file under seal a notice containing its full address, which notice shall be available only to the Court and the opposing party." *Id*.

When deciding whether to allow a party to seal information, "[t]he starting point" is "a strong presumption in favor of public access to judicial proceedings." *Hardaway v. D.C. Hous. Auth.*, 843 F.3d 973, 980 (D.C. Cir. 2016) (quoting *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996)). The D.C. Circuit has then "crafted a six-factor test to balance the interests presented by a given case" and determine whether that presumption "may be

outweighed . . . ." *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017). These six factors are:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Id.* (quoting *Nat'l Children's Ctr.*, 98 F.3d at 1409).

Plaintiffs are the surviving parents of a victim of a terrorist attack. ECF No. 1 at 1. They bring this current suit against Defendant Ahlam Aref Ahmad al-Tamimi for the murder of their daughter through the bombing of a Jerusalem Sbarro pizzeria in 2001. *Id.*. Plaintiffs fear that they "may be targeted, by way or retaliation, or otherwise, for their participation in this lawsuit" and want to "not make it too easy for anyone to find and/or target them." ECF No. 4 at 1.

The Court finds the balance of the factors falls in Plaintiffs' favor. The the need for public access to the Plaintiffs' address is *de minimis*, their residential addresses have not been previously disclosed to the public in this case, and Plaintiffs have asserted a strong privacy interest in their information through their fears of retaliation and targeting by "terrorists and their enablers." *Id.* Defendant has not appeared on the record and thus issues no objection, but it will not prejudice Defendant to seal this information. Finally, this information has little purpose for the judicial proceedings. Overall, Plaintiffs have asserted a reasonable threat of harm that outweighs any interest in disclosing their address to the public.

It is therefore hereby,

**ORDERED** that Plaintiffs' nunc pro tunc motion is **GRANTED**, and Plaintiffs have leave of court to file their residence addresses under seal instead of on the Complaint as initially submitted for filing herein.

**SO ORDERED.**

Date: 8/17/26

ROYCE C. LAMBERTH
United States District Judge